Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Jeffrey K. Logan (SBN 136962)
  JLogan@willkie.com
Matthew J. Busch (SBN 307396)
  MBusch@willkie.com
**WILLKIE FARR & GALLAGHER LLP**
2029 Century Park East, Suite 2900
Los Angeles, CA  90067
Telephone:  (310) 855-3000
Facsimile:  (310) 855-3099

*Attorneys for Plaintiff*
Adrienne Sirott, as Executor of the Estate
of Stanley A. Sirott

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ADRIENNE SIROTT, as Executor of the Estate of Stanley A. Sirott,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY GEARY, an individual,<br><br>Defendant. | Case No.  5:25-CV-02865<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d));**<br><br>**(2) VIOLATION OF CAL. BUS. & PROF. CODE § 17525;**<br><br>**(3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200; and**<br><br>**(4) DECLARATORY RELIEF.**<br><br>**DEMAND FOR JURY TRIAL** |

127579672

COMPLAINT

Plaintiff Adrienne Sirott, as Executor of the Estate of Stanley A. Sirott ("Plaintiff" or "Adrienne"), for this Complaint against Defendant Timothy Geary ("Defendant" or "Geary"), alleges as follows:

## INTRODUCTION

1. This action arises from Defendant's hijacking of the decedent's digital identity and infrastructure of his business, in retaliation for the decedent's actions in terminating both Defendant's employment with the decedent and the business services of Defendant's accomplice and co-conspirator, Patrick Roldan ("Roldan"), and to conceal their theft and embezzlement of funds from the decedent. The decedent is Stanley A. Sirott ("Stanley"), who did business as Sirott Properties, and Defendant is an Information and Technologies (IT) manager who was hired by Roldan, the decedent's step-son and the former chief operating officer of the decedent's business, to manage the IT operations for the decedent's business. Stanley entrusted Defendant to set up and administer the core technology for the business, including its website domain (sirottproperties.com), Google Workspace (including email accounts and document storage), phone systems, and security systems. Defendant exploited that trust, seizing exclusive control of the logins and administration, and then weaponized that control to disable the business' digital systems, wipe out access, and hold the business hostage in retaliation for the decedent's ordering Roldan to terminate Defendant's employment and terminating Roldan's business services for the decedent.

2. Defendant's misconduct checks every box of bad-faith cybersquatting and cyberpiracy. From the outset, Defendant structured the business' technology to ensure no one could act without him. He set up and controlled the GoDaddy and Google Workspace admin accounts under sirottproperties.com, kept the login credentials to himself, and maintained the same chokehold over related systems (including Sirott Properties' security system and telephones). Although Stanley reimbursed every dollar Defendant advanced for these accounts, Defendant has

127579672                     1

COMPLAINT

refused to turn over the accounts. Defendant claims ownership of the sirottproperties.com domain and its associated Google Workspace despite having zero intellectual property rights in the Sirott Properties mark, zero legitimate prior use, and zero bona fide noncommercial or fair use. Defendant is not using the domain for any legitimate purpose; he is squatting on it to gain leverage, cause confusion, and obstruct the decedent estate's rights to the mark.

3. Defendant has caused significant damage to the decedent and his estate. Defendant barred the decedent's business from accessing and utilizing its primary communication method (email) and its primary public-facing interface (its website) as well as manipulated its computer systems without authorization to cause the business to lose all access to its Google Workspace data and render its system inoperable. Put simply, Defendant destroyed access to the business communications and data of the decedent, caused permanent data loss, and forced the decedent's business to spend significant time and money rebuilding mission-critical systems, up to and including establishing a new domain and email platform. Defendant's conduct has damaged the decedent's business and estate by usurping control over the decedent's brand, domain, email, and data, diverting and confusing customers and vendors searching for Sirott Properties online and inflicting operational harm. This is precisely the type of predatory conduct that the Anti-Cybersquatting Consumer Protection Act and anti-cyber piracy and unfair competition provisions of the California Business and Professions Code were enacted to stop.

4. Accordingly, Plaintiff seeks swift and decisive relief including declaratory and injunctive relief providing that the decedent's estate owns the Sirott Properties mark, the sirottproperties.com domain and the Google Workspace associated with that domain; transferring the sirottproperties.com domain and all related workspace, technology, communications, data and administrative credentials to Plaintiff; enjoining Defendant from any further interference with the

estate's technology, communications, data or public-facing web presence; and awarding Plaintiff actual, statutory, and exemplary damages, together with costs and attorneys' fees. Defendant chose to hold the decedent's identity, business communications and data hostage out of spite and revenge against the decedent and to conceal his theft and embezzlement of funds from the decedent. As executor of the decedent's estate, Plaintiff intends to hold Defendant accountable and restore rightful control of the Sirott Properties mark and digital assets.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Lanham Act (15 U.S.C. §§ 1125 *et seq.*). This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as the Lanham Act claim.

6. The Court has personal jurisdiction over Defendant because he is a citizen of the State of California, resides in the State of California and conducts systematic and continuous business within California and this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(d) because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district and/or Defendant resides or has his principal place of business in this judicial district.

## PARTIES

8. Plaintiff Adrienne Sirott is an individual who is a citizen of the State of California and the duly appointed Executor of the Estate of Stanley A Sirott. Plaintiff resides and works in Los Angeles County, California,

9. Defendant Timothy Welles Geary is an individual who is a citizen of the State of California. Defendant resides in Rancho Cucamonga, California.

# FACTUAL BACKGROUND

## Stanley Establishes And Does Business As Sirott Properties

10. Stanley immigrated to the United States as a child in 1940, and settled with his family in Boyle Heights, where he graduated high school. After graduating medical school, Stanley practiced medicine for over 20 years before retiring from the practice in the 1980s to focus on developing a real estate business he had started the previous decade involving the purchase and rental of multi-unit apartment buildings located in Los Angeles and surrounding areas.

11. Stanley's real estate business (a sole proprietorship which became known as "Sirott Properties") grew substantially over the years to include servicing more than 100 apartment buildings with over 3,500 units located in Southern California. At all relevant times, Stanley's real estate business engaged in or affected interstate commerce, including, but not limited to, the rental of real estate and its effect on the broader rental market, which involves transactions, movement of people, and businesses that operate across state lines, as well as, among other things, the marketing of units for rent on national platforms over the internet, such as Zillow and Apartments.com, and participating in Section 8 housing under the U.S. Housing Act of 1937 (42 U.S.C. § 1437f), facilitating the mobility of individuals and families across state lines.

12. In doing business as Sirott Properties, Stanley maintained certain electronic business systems and networks utilized to conduct business, including a corporate website domain (www.sirottproperties.com), Google email addresses and workspace, phone systems, security systems and accounting and property management software. The Sirott Properties electronic business systems and networks were limited to authorized users for authorized purposes, including for employees to send content and communications and save business data and files.

### Defendant Serves As IT Operations Manager Of Sirott Properties

13. In or about August 2018, Defendant was hired to work for Stanley as head of information and technology for the business. Defendant was hired by Roldan, who was Stanley's step-son and served his right-hand man, including as chief of all operations for Sirott Properties. In addition to hiring employees for Stanley's business, Roldan hired contractors and other vendors to provide services for the business. This includes Patrick's own business, Paint It, which he hired to provide paint services for Stanley's business.

14. Defendant's responsibilities while working for Stanley included creating and administering the Sirott Properties website, digital platform, email addresses, security cameras and phone system. Specifically, Defendant set up and administered Sirott Properties' website (sirottproperties.com) through GoDaddy and Google Workspace under the domain name "sirottproperties.com." This Google Workspace also included email accounts used for email communications and other facilities including for document management and storage.

15. Defendant acted as the primary administrator of the Google Workspace and domain registrar accounts for Sirott Properties and maintained the login information associated with the accounts such that no other employee could access the administration without his cooperation. In connection with his role as administrator, Defendant set up the GoDaddy domain and Google Workspace facilities for Stanley as part of Sirott Properties and was reimbursed by Stanley for such expenditures. These reimbursements are documented in the general ledger for Stanley's business including with descriptions such as "Domain Renewal Sirott Properties 5 years," "Google Email," "Email," "Google," and "Gmail."

16. Defendant exercised a similar practice of gatekeeping login information and control in connection with his set up and maintenance of the Sirott Properties security system (Arlo Cameras) and phone contracts (Ring Central and Verizon).

**Defendant Absconds With Stanley's IP And Other Business Property**

17. In or about September 2022, Stanley ordered Roldan to terminate Defendant's employment with Stanley after learning that Defendant was receiving substantial payments as "compensation" in addition to the regular salary paid to him each month as part of Stanley's payroll. The next month, on or about October 28, 2022, Stanley also terminated Roldan's business of providing paint services for Stanley when Roldan failed to provide substantiation for payments received for such services. In retaliation against Stanley, Defendant and Roldan agreed to and did conspire with each other in or about early November 2022 for Defendant to take control of the "sirottproperties.com" domain and the Google Workspace associated with that domain, including the emails, data and documents comprising the Google Workspace associated with that domain, and thereby prevent Stanley, his employees and his customers from accessing the "sirottproperties.com" website and/or the Google Workspace associated with that domain. Defendant did this to disrupt and interfere with Stanley's business, conceal evidence regarding Defendant's and Roldan's embezzlement of funds from Stanley, gain leverage against Stanley and an advantage over him, including with respect to any claims Stanley may wish to assert against Defendant or Roldan, and otherwise with the intention of inflicting harm on Stanley and his business.

18. Defendant refused to turn over the account information for the Sirott Properties GoDaddy website domain and Google Workspace. Defendant claimed that he did not have to turn over any of the accounts because he "owned them" despite the fact that the website domain and email accounts belonged to, and were paid for by, Stanley. Defendant's refusal to turn over the Sirott Properties accounts that he managed resulted in Stanley's loss of the Google Workspace and website for his business.

19. Defendant's withholding of such critical technology from Stanley's business – including its primary means of communication, document storage

system, and public-facing website – caused substantial harm to Stanley and his business, including data loss and operational disruption.  Defendant obstructed Stanley's ability to control his own business identity, email communications, and data.  As a result, Stanley incurred significant time and expense to rebuild systems, including establishing a new domain and email platform.

20. Stanley died on August 2, 2023.  Plaintiff has succeed Stanley as his successor in interest, including as Executor of Stanley's estate

## FIRST CLAIM FOR RELIEF

### (Violation Of The Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) Against Defendant Geary)

21. Plaintiff realleges and incorporates by reference Paragraphs 1 through 20 as if fully alleged herein.

22. Sirott Properties is a "mark" that was first used and owned by Stanley in doing business as Sirott Properties and now is a property of his estate.

23. Defendant is wrongfully exercising and refusing to relinquish control of "sirottproperties.com" – the website domain owned and used by Stanley when Defendant wrongfully took control of the domain for himself.

24. The domain name that Defendant is wrongfully exercising and refusing to relinquish control of, "sirottproperties.com," is identical and confusingly similar to the Sirott Properties protected mark that was owned by Stanley and now his estate.

25. Defendant has wrongfully exercised and refused to relinquish control of the "sirottproperties.com" domain name and is continuing to wrongfully exercise and refuse to relinquish control of the "sirottproperties.com" domain name in bad faith including, without limitation, the following: (a) he has no intellectual property rights in the mark; (b) he has no prior use or other business legitimately utilizing the Sirott Properties domain; (c) he is not using the domain or mark for a bona fide noncommercial or fair use; (d) he intends to divert customers or potential

customers from the mark's online domain causing confusion in connection with locating Sirott Properties' information including on Google; and (e) he is not using the domain as the website is empty and is simply being held hostage.

26. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(d), including the forfeiture of the domain sirottproperties.com by Defendant and Defendant's transfer of the domain to Stanley's estate.

27. Plaintiff has no adequate remedy at law, and unless and until enjoined, Defendant will continue to wrongfully exercise and refuse to relinquish control of the "sirottproperties.com" domain name.

28. Plaintiff is entitled to actual or statutory damages in an amount according to proof at trial on account of Defendant's bad faith cybersquatting.

29. Plaintiff is entitled to costs, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

**(Violation Of Cal. Bus. & Prof. Code § 17525 Against Defendant Geary)**

30. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as if fully alleged herein.

31. Sirott Properties is a "mark" that is named after Stanley, and particularly his business of leasing apartment units for residential use in Southern California, and now is a property of his estate.

32. Defendant is wrongfully exercising and refusing to relinquish control of "sirottproperties.com" – the website domain owned and used by Stanley when Defendant wrongfully took control of the domain for himself.

33. The domain name that Defendant is wrongfully exercising and refusing to relinquish control of, "sirottproperties.com," is identical and confusingly similar to the Sirott Properties protected mark that was owned by Stanley and now his estate.

34. Defendant has wrongfully exercised and refused to relinquish control of the "sirottproperties.com" domain name and is continuing to wrongfully exercise and refuse to relinquish control of the "sirottproperties.com" domain name in bad faith including, without limitation, the following: (a) he has no intellectual property rights in the mark; (b) he has no prior use or other business legitimately utilizing the Sirott Properties domain; (c) he is not using the domain or mark for a bona fide noncommercial or fair use; (d) he intends to divert customers or potential customers from the mark's online domain causing confusion in connection with locating Sirott Properties' information including on Google; and (e) he is not using the domain as the website is empty and is simply being held hostage.

35. Plaintiff is entitled to injunctive relief including the forfeiture of the domain sirottproperties.com by Defendant and Defendant's transfer of the domain to Stanley's estate.

36. Plaintiff has no adequate remedy at law, and unless and until enjoined, Defendant will continue to wrongfully exercise and refuse to relinquish control of the "sirottproperties.com" domain name.

37. Plaintiff is entitled to an award of damages against Defendant in an amount according to proof at trial on account of Defendant's bad faith cyberpiracy.

38. Plaintiff is entitled to an award of punitive damages against Defendant on account of Defendant's bad faith cyberpiracy because in doing the acts alleged herein, Defendant acted with oppression, fraud and malice, and in conscious disregard of Stanley's rights, including depriving Stanley of his right to use and control the "sirottproperties.com" domain name and the Google Workspace associated with that domain.

39. Plaintiff is entitled to costs, including reasonable attorneys' fees, pursuant to California Business & Professions Code § 17525(d).

# THIRD CLAIM FOR RELIEF

## (Violation of Cal. Bus. & Prof. Code § 17200 Against Defendant Geary)

40. Plaintiff realleges and incorporates by reference Paragraphs 1 through 39 as if fully alleged herein.

41. Defendant's conduct as alleged herein constitutes an unlawful, unfair and/or fraudulent business act or practice in violation of California Business & Professions Code § 17200. Defendant's conduct constitutes an unlawful business act or practice because it violates the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) and California Business & Professions Code § 17525. Defendant's conduct constitutes an unfair business act or practice because it violates the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) and California Business & Professions Code § 17525, and involves the wrongful exercise of control of the property of another—namely Stanley and now his estate. Defendant's conduct constitutes a fraudulent business act or practice because it violates the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)) and California Business & Professions Code § 17525, and is likely to deceive and confuse customers and potential customers of Sirott Properties including in connection with locating Sirott Properties' information on Google.

42. Plaintiff is entitled to injunctive relief against Defendant, including the forfeiture of the domain sirottproperties.com by Defendant and an order requiring that Defendant transfer the sirottproperties.com domain to Stanley's estate, as well as the Google Workspace associated with that domain, including all emails, data and documents comprising the Google Workspace associated with that domain.

43. Plaintiff is entitled to restitution from Defendant, including an order requiring that Defendant transfer the sirottproperties.com domain to Stanley's estate, as well as the Google Workspace associated with that domain, including all

emails, data and documents comprising the Google Workspace associated with that domain.

44. Plaintiff has no adequate remedy at law, and unless and until enjoined, Defendant will continue to wrongfully exercise and refuse to relinquish control of the "sirottproperties.com" domain name and the Google Workspace associated with that domain, including all emails, data and documents comprising the Google Workspace associated with that domain.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief Against All Defendants)

45. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 as if fully alleged herein.

46. An actual, present, and justiciable controversy has arisen and now exists between Plaintiff and Defendant regarding their respective rights and obligations arising from or relating to the ownership and use of the "Sirott Properties" mark, the "sirottproperties.com" domain and the Google Workspace associated with that domain, including the emails, data and documents comprising the Google Workspace associated with that domain. Plaintiff contends that the decedent's estate has the superior right vis-à-vis Defendant to the ownership and use of the "Sirott Properties" mark, the "sirottproperties.com" domain and the Google Workspace associated with that domain, including emails, data and documents comprising the Google Workspace associated with that domain, and that Defendant has no right to any use, possession or control of such marks or properties. Plaintiff is informed and believes that Defendant disputes these contentions.

47. Plaintiff therefore seeks a judicial declaration providing that the decedent's estate has the superior right vis-à-vis Defendant to the ownership and use of the "Sirott Properties" mark, the "sirottproperties.com" domain and the Google Workspace associated with that domain, including the emails, data and

documents comprising the Google Workspace associated with that domain, and that Defendant has no right to any use, possession or control of such marks or properties.

48. A judicial declaration is necessary and appropriate at this time in order for Plaintiff and Defendant to fully resolve the pending controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant as follows:

1. For an award of actual and/or statutory damages in an amount according to proof at trial;

2. For an award of punitive damages in an amount according to proof at trial;

3. For injunctive relief against Defendant including the forfeiture of the domain sirottproperties.com by Defendant and an order requiring that Defendant transfer the sirottproperties.com domain and the Google Workspace associated with that domain, including the emails, data and documents comprising the Google Workspace associated with that domain, to Stanley's estate;

4. For restitution from Defendant including an order requiring that Defendant transfer the sirottproperties.com domain and the Google Workspace associated with that domain, including the emails, data and documents comprising the Google Workspace associated with that domain, to Stanley's estate;

5. For a declaration of the parties' respective rights and obligations regarding the "sirottproperties.com" domain and the Google Workspace associated with that domain, including, but not limited to, a declaration that Plaintiff as the Executor of the decedent's estate has the superior right vis-à-vis Defendant to the ownership and use of the "Sirott Properties" mark, the "sirottproperties.com" domain and the Google Workspace associated with that domain, including the emails, data and documents comprising the Google Workspace associated with that

domain, and that Defendant has no right to any use, possession or control of such marks or properties;

6. For costs of suit, including reasonable attorneys' fees;

7. For pre-judgment and post-judgment interest at the maximum rate permitted by law;

8. For such other relief as may be just and proper.

Dated: October 28, 2025

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Alex M. Weingarten*
Alex M. Weingarten
Jeffrey K. Logan
Matthew J. Busch

*Attorneys for Plaintiff*
Adrienne Sirott, as Executor of the Estate of Stanley A. Sirott

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by jury of all issues triable of right by a jury.

Dated: October 28, 2025         **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Alex M. Weingarten*
Alex M. Weingarten
Jeffrey K. Logan
Matthew J. Busch

*Attorneys for Plaintiff*
Adrienne Sirott, as Executor of the Estate of Stanley A. Sirott

WILLKIE FARR & GALLAGHER LLP
2029 CENTURY PARK EAST, SUITE 2900
LOS ANGELES, CA 90067
310.855.3000

127579672

1

DEMAND FOR JURY TRIAL